## TUGGLE *et al. v.* HAMILTON *et al.*

The plaintiff, in an action for an alleged breach of warranty of title to land, in consequence of which he had, as charged in his declaration, been compelled to pay off, as an encumbrance on the property, a special judgment binding the same, was properly nonsuited upon proof showing that the warrantor had not only caused the action resulting in such judgment to be defended, but after its rendition had undertaken to protect the plaintiff's title by instituting legal proceedings to set the judgment aside, that he had obtained a temporary injunction restraining its further progress, and that, while matters thus stood, the plaintiff, over the warrantor's objection, voluntarily paid off the judgment; it not appearing that the proceedings in question were without merit, and therefore must necessarily have failed to accomplish the purpose for which they were instituted.

Argued at the last term. Reargued January 28,—Decided February 15, 1897.

Action for breach of warranty. Before Judge Janes. Haralson superior court. January term, 1896.

*Lloyd Thomas, A. J. Head* and *W. F. Brown,* for plaintiffs. *P. H. Brewster, J. M. McBride* and *Adamson & Jackson,* for defendants.

LUMPKIN, Presiding Justice.

Omitting immaterial matters, the facts of this case are as follows: William Hamilton, G. R. Hamilton and J. S.

James, on November 7, 1883, sold two town lots to J. E. Henley, warranting the title to him, his heirs, executors, administrators and assigns, in fee simple. On September 21, 1886, Henley, in pursuance of a contract of sale previously made, conveyed the property to J. T. Tuggle, G. D. Stone and W. B. Embry. February 6, 1888, Embry sold and conveyed his undivided interest in the premises to Tuggle and Stone. In November, 1884, E. S. Langmade, as administrator of one Beck, brought an action for these lands against Tuggle, who was then in possession under the contract of sale made by Henley as above mentioned. The latter became a party defendant to this action; and notice of it having been given to the Hamiltons and James, they caused a defense to be made. Nevertheless the plaintiff, Langmade, at the July term, 1886, of Haralson superior court, obtained a money judgment against Tuggle and Henley, which was in effect a charge upon the land. This judgment was affirmed by the Supreme Court. See 78 *Ga.* 770. Subsequently, at the instance of the Hamiltons and James, a motion for a new trial, based on alleged extraordinary grounds, was made, and an equitable petition to restrain the further progress of the judgment and to set it aside was filed. The record does not disclose upon what grounds this motion and this petition were based, but it does appear that a restraining order was granted upon the latter. While both these proceedings were pending, Tuggle voluntarily, and over the protest and objection of the Hamiltons and James, paid off the judgment, and had the motion for a new trial dismissed. Exactly what became of the equitable petition does not appear; but of course it was, by the settlement of the judgment, rendered a lifeless and nugatory proceeding.

The present action was brought by Tuggle, Stone, and the administratrix of Henley, against the Hamiltons and James, to recover for an alleged breach of the warranty of title contained in their deed to Henley. By amendment, the administratrix was stricken as a party plaintiff,

and the action proceeded in the name of the other two plaintiffs. Upon the facts above recited, there was a nonsuit, and the bill of exceptions assigns as error the granting of the same.

It will be observed that the judgment in Langmade's favor was rendered before either Tuggle or Stone became by deed connected with the title; and one of the questions discussed in the argument here was, whether or not, in view of the fact just stated, these plaintiffs could, in any event, maintain an action for a breach of warranty which had already occurred before they became actual and complete purchasers of the land. Our conclusion is that a decision of this question is not at all essential to a proper determination of the case. We think that, having voluntarily paid off the judgment in favor of Langmade over the objection of the Hamiltons and James, who had instituted and were earnestly endeavoring to maintain legal proceedings to have that judgment set aside, it was, in any event, incumbent upon Tuggle and Stone to show affirmatively that these proceedings must necessarily have ended in failure. While the fact that Langmade's judgment had been affirmed by this court raises the strongest kind of a presumption that it was valid and should stand, such presumption is not absolutely conclusive and binding. Every lawyer knows that the records of our courts will show numerous instances in which judgments obtained below and affirmed here have, for one reason or another, finally been set aside. We have no means of judging whether or not the motion for a new trial was meritorious; but there must have been at least a semblance of merit in the equitable proceeding, because it sufficiently impressed the judge to warrant him in granting a restraining order. So long as this restraining order remained of force, the judgment was harmless as against Tuggle and Stone, and it seems clear that they ought not to have cut off the Hamiltons and James from pursuing as far as practicable the remedies they had caused to be instituted for the protection of the title

which they had warranted. At most, it would only have involved a little more delay before it could have been definitely and finally ascertained by judicial determination whether or not these remedies would, in the end, become. effectual. We do not mean to say that Tuggle and Stone would have been bound to wait till the motion for a new trial and the equitable petition were finally disposed of, if it be true that these proceedings must necessarily have failed to accomplish the purpose for which they were instituted;. but as they did not choose to wait, it is incumbent upon them to show that this result was inevitable. Had they done this, the case would stand as favorably for them as it would if there had been final adjudications that these proceedings were not maintainable. In the absence of more light as to what they contained, this court cannot possibly undertake to say whether they might, or might not, upon the assumption that the recitals in the motion were correct and the allegations in the petition true, have been sustained. Certain it is that Tuggle and Stone did not, so far as the record discloses, affirmatively show a cause of action. If they in any event had a right to recover, it was essential for them to show that in paying off the judgment and ignoring the objections made to their so doing they were only doing what they would have been compelled in the end to do, notwithstanding the efforts of the Hamiltons and James to have the judgment set aside. In other words, they satisfied the judgment at their peril, and they cannot, as against the defendants below, defend their action in so doing without showing everything necessary to demonstrate that they took the only course left them to protect their possession and enjoyment of the property.

*Judgment affirmed. All concurring, except Fish, J., not presiding.*